# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

ROSIE GRIMM                              §
                                         §
V.                                       §    CASE NO. 4:14-CV-329
                                         §    Judge Mazzant
BRANDY MOORE, SHAWN MOORE                §
and THE O'HARA GROUP, INC.,              §
d/b/a. PLUSH BEAUTY BAR                  §

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Amended Motion for Summary Judgment (Dkt. #21). The Court, having considered the relevant pleadings, finds that Plaintiff's Motion for Summary Judgment should be granted.

## BACKGROUND

Plaintiff Rosie Grimm filed this action under the Fair Labor Standards Act ("FLSA") to recover unpaid overtime wages against Defendants the O'Hara Group, Inc. d/b/a Plush Beauty Bar ("Plush"), Brandy Moore ("B. Moore"), and Shawn Moore ("S. Moore") (collectively "Defendants"). Defendants own and operate a beauty salon at which Plaintiff worked.

Defendants B. Moore and S. Moore own and control Plush, which is engaged in the beauty salon business. B. Moore and S. Moore, as the owners, are charged with general oversight of the day-to-day operations, the power to hire and fire, and the responsibility for implementing and enforcing compensation policies and overtime classification for Plaintiff. Plaintiff worked as a stylist. She was paid hourly at a rate of $10.00 per hour for all time worked, via tips, and also commissions on certain sales of product. The only time for which Plaintiff was not paid $10.00 per hour was for the overtime worked during her final two weeks of employment when the Defendants deducted 15.5 hours from Plaintiff's last paycheck.

Plush's own documents indicate that Plaintiff worked more than 40 hours in certain weeks. She was paid straight time at the rate of $10.00 per hour, she was never paid more than $10.00 per hour regardless of bonus or tip amounts, and the Defendants were aware of the overtime hours Plaintiff worked. Plaintiff's time sheets reflect that she worked more than 40 hours during many weeks. Specifically, Plaintiff worked overtime during the following periods:

| Period | Hours | Overtime |
|---|---|---|
| 12/17/2013-12/24/2013 | 53 hours | 13 overtime hours |
| 12/26/2013-1/4/2014 | 54 hours | 14 overtime hours |
| 1/11/2014-1/18/2014 | 50.75 hours | 10.75 overtime hours |
| 2/18/2014-2/25/2014 | 47.50 hours | 7.50 overtime hours |
| 3/4/2014-3/9/2014 | 43.75 hours | 3.75 overtime hours |
| 3/11/2014-3/15/2014 | 43.50 hours | 3.50 overtime hours |
| 3/18/2014-3/25/2014 | 49 hours | 9 overtime hours |
| 3/26/2014-4/2/2014 | 52.75 hours | 12.75 overtime hours |
| 4/3/2014-4/10/2014 | 42.75 hours | 2.75 overtime hours |

Except during the final two weeks of her employment in which Defendants reduced her hours, Defendants paid Plaintiff at a flat $10.00 hourly rate, without accounting for her commissions or tips in that rate, nor did they pay her an overtime rate. Based on the contemporaneous records maintained by Plaintiff and Defendants, Plaintiff was not paid for at least 77 hours of overtime.

Each of the Defendants has admitted that they are Plaintiff's employer as that term is defined under the FLSA. There is no dispute that Plaintiff is a non-exempt employee under the FLSA.

Although Defendants paid Plaintiff straight time for all hours worked, with the exception of her last two weeks, they now claim, without support, that Plaintiff did not work the time she entered

on her time sheets and for which Defendants paid her.

On January 7, 2015, Plaintiff filed a motion for summary judgment (Dkt. #16). No response was filed. On March 16, 2015, Plaintiff filed an amended motion for summary judgment (Dkt. #21). No response was filed.

**LEGAL STANDARD**

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits "[show] that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The trial court must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment. *Casey Enterprises, Inc. v. American Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981) (citations omitted). The substantive law identifies which facts are material. *Anderson,* 477 U.S. at 248.

The party moving for summary judgment has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id.* at 247. If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). But if the nonmovant bears the burden of proof, the movant may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dallas*

*Morning News*, *Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248-49). The nonmovant must adduce affirmative evidence. *Anderson*, 477 U.S. at 257.

## DISCUSSION AND ANALYSIS

Plaintiff moves for summary judgment on the issue of Defendants' liability and damages because the evidence establishes that Defendants violated the overtime-compensation provisions of the FLSA as a matter of law. Each of the Defendants has admitted that they are Plaintiff's employer as that term is defined under the FLSA.

The FLSA mandates that "no employer shall employ any of his employees ... for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1); *Harvill v. Westward Communications, L.L.C.*, 433 F.3d 428, 441 (5th Cir. 2005).

To prevail on her claim for unpaid overtime, Plaintiff must first show by a preponderance of the evidence: "(1) that there existed an employer-employee relationship during the unpaid overtime periods claimed; (2) that the employee engaged in activities within the coverage of the FLSA; (3) that the employer violated the FLSA's overtime wage requirements; and (4) the amount of overtime compensation due. *Johnson v. Heckmann Water Resources (CVR), Inc.*, 758 F.3d 627, 630 (5th Cir. 2014) (citing *Harvill*, 433 F.3d at 441). "An employee bringing an action pursuant to the FLSA, based on unpaid overtime compensation, must first demonstrate that she has performed work for which she alleges she was not compensated." *Harvill*, 433 F.3d at 441 (citing *Anderson v.*

*Mount Clemens Pottery Co.*, 328 U.S. 680, 687–88 (1946), *superseded by statute* 29 U.S.C. § 251-262).

> An employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate.

*Anderson*, 328 U.S. at 687–88. The evidence of hours worked need not be perfectly accurate as long as it provides a sufficient basis to calculate the number of hours worked. *Marshall v. Mammas Fried Chicken, Inc.*, 590 F.2d 598, 599 (5th Cir. 1979). "If the employer's records are 'proper and accurate,' the employee may rely on these records; if the employer's records are 'inaccurate or inadequate,' the employee may produce 'sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.'" *Rosales v. Lore*, 149 F. App'x 245, 246 (5th Cir. 2005) (internal citation omitted).

"Once the employee establishes a prima facie case, the burden then shifts to the employer to 'come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence.'" *Johnson*, 758 F.3d at 630 (citing *Harvill*, 433 F.3d at 441). If the employer claims that the employee is exempt from the overtime requirement, the burden rests with the employer to prove that the employee falls within the exempted category. *Id.* (citing *Samson v. Apollo Res., Inc.*, 242 F.3d 629, 636 (5th Cir. 2001)).

The undisputed evidence establishes that Defendants knew or could have determined with reasonable diligence that Plaintiff worked overtime. Plaintiff's time records, as well as the

5

Defendants' pay records, clearly demonstrate that overtime was worked. Defendants required that Plaintiff keep time sheets, and she did. Defendants used those time sheets to calculate pay and included hours over 40 in their calculations. Plaintiff was paid straight time by Defendants for the hours worked. Defendants never notified Plaintiff in writing of any policy violation. The summary judgment evidence demonstrates that Defendants had actual or constructive knowledge that Plaintiff was working overtime hours as a matter of law.

Defendants also failed to include Plaintiff's commissions in calculating the proper hourly rate due Plaintiff. Defendants paid Plaintiff, in addition to her hourly rate, commissions for products sold. Commissions were paid every two weeks. When the commissions can be computed and paid, the employer must then calculate any additional overtime that is owed by apportioning the commissions back over the workweeks of the period during which they were earned. The employee must then be paid additional overtime for each week during the period in which she worked in excess of the applicable maximum hours standard.

If an employee earns commissions on a specific number of weeks, such as every two weeks, the commission payment must be divided by the total number of weeks for which it represents additional compensation, to get the amount of commission allocable each week. *See* 29 C.F.R. §778.120(a)(1). Once the amount of commission allocable to each week has been ascertained, the commission for that week must be divided by the total number of hours worked in that week to get the increase in the hourly rate. *See* 29 C.F.R. §778.120(a)(2). Then the additional overtime is computed by multiplying one-half of this figure by the number of overtime hours worked in the week. *Id.* Based upon the summary judgment evidence, Plaintiff would be owed $746.92.

# CONCLUSION

Defendants have unlawfully withheld wages from Plaintiff for overtime worked, according to the evidence. Plaintiff has demonstrated that Defendants violated Section 207(a) of the FLSA, as the Defendants are employers and joint employers of Plaintiff and Plaintiff worked uncompensated overtime hours for the Defendants. Defendants are liable to Plaintiff for compensatory damages in an amount equal to her unpaid compensation. The FLSA expressly provides for Plaintiff to recover her reasonable and necessary attorney's fees and costs when prevailing on her claims, which the evidence establishes that Plaintiff has done.

The Court grants summary judgment in favor of the Plaintiff, holding Defendants liable under the FLSA for Plaintiff's compensatory damages, liquidated damages, and reasonable and necessary attorney's fees and costs of court.

It is therefore **ORDERED** that Plaintiff's Motion for Summary Judgment (Dkt. #16) and Plaintiff's Amended Motion for Summary Judgment (Dkt. #21) are hereby **GRANTED** and Defendants are liable under the FLSA for Plaintiff's compensatory damages, liquidated damages, and reasonable and necessary attorney's fees and costs of court. Plaintiff has demonstrated that Defendants violated Section 207(a) of the FLSA, as the Defendants are employers and joint employers of Plaintiff and Plaintiff worked uncompensated overtime hours for Defendants. Defendants are thus liable to the Plaintiff for compensatory damages in an amount equal to her unpaid compensation.

Plaintiff is ordered to submit a Final Judgment to the Court within seven (7) days of this Order.

**SIGNED this 19th day of May, 2015.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE