IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **ROSIE GRIMM,** § | | |
| § | | |
| *Plaintiff,* § | | |
| § | | |
| v. § | | |
| § | **CIVIL ACTION NO. 4:14-cv-329** | |
| **BRANDY MOORE, SHAWN MOORE** § | | |
| **and THE O'HARA GROUP, INC.,** § | **JURY TRIAL REQUESTED** | |
| **d.b.a. PLUSH BEAUTY BAR,** § | | |
| § | | |
| *Defendants.* § | | |

## MOTION FOR ATTORNEYS' FEES AND COSTS

Plaintiff sued Defendants for failing to pay her wages as required by the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq*. As described in this Motion, and as recognized by this Court in its May 19, 2015, Memorandum Opinion and Order granting Plaintiff's Motion for Summary Judgment, the FLSA mandates an award of reasonable attorneys' fees and costs to a prevailing plaintiff. Plaintiff therefore submits the following brief in support of her request for attorneys' fees and costs.

### PLAINTIFF IS ENTITLED TO ATTORNEYS' FEES AND COSTS

Under the FLSA, prevailing plaintiffs are entitled to an award of reasonable attorneys' fees and costs. 29 U.S.C. § 216(b). In fact, the award of reasonable attorneys' fees to a prevailing plaintiff is ***mandatory*** in an FLSA case. *Id.* (the Court "***shall***, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant" (emphasis added)); *see also Graham v. Henegar,* 640 F.2d 732, 736 n.8 (5th Cir. Unit A 1981) ("[T]his Circuit has held that an award of attorney's fees to a prevailing plaintiff in an

FLSA suit is mandatory.").

In addition, courts in the FLSA context rarely place emphasis on the amount of the underlying recovery in determining whether or not fees requested are reasonable. *See Carrasco v. Texas Trans. Instit.,* 908 S.W.2d 575, 580 (Tex. App.–Waco 1995) (FLSA action) (citing *Lee v. Coahoma County, Miss.,* 937 F.2d 220, 227 (5th Cir. 1991) (pointing out that "§ 216(b) makes no reference to the size of the recovery"); *Fegley v. Higgins,* 19 F.3d 1126, 1134-35 (6th Cir. 1994) (noting that "we have upheld substantial awards of attorney's fees even though a plaintiff recovered only nominal damages") (internal citation omitted)). Indeed, "[g]iven the nature of claims under the FLSA, it is not uncommon that attorneys' fee requests will exceed the amount of judgment in the case." *Prater v. Commerce Equities Management Co., Inc.*, 2008 WL 5140045, at *3 (S.D. Tex. Dec. 8, 2008) (internal quotation omitted); *see Parker v. ABC Debt Relief,* No. 3:10-CV-1332-P (N.D. Tex. Apr. 9, 2014) (Doc. 241) (granting an attorneys fee award of more than $433,000 on a recovery of approximately $366,000); *Lucio-Cantu v. Vela,* 239 Fed. Appx. 866, 868-69 (5th Cir. 2007) (per curiam) (affirming an award of $51,750 in fees for obtaining $9,393.58 in FLSA action); *Young v. Sea Horse Venture IV, LLC*, 2009 WL 614823, at *1 (N.D. Tex. Mar. 10, 2009) (Lynn, J.) (awarding $44,965.25 in fees for recovering $16,402.62 in FLSA action); *see also Rivera v. Riverside*, 763 F.2d 1580, 1581-83 (9th Cir. 1985) (concluding that an award of $245,456.25 in fees is warranted for obtaining a $33,350.00 judgment in part because the purpose of the remedial statute at issue (like the FLSA) is to ensure "effective access to the judicial process"); *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980) (en banc) (same: $160,000 in fees for obtaining a $33,000 judgment); *Morris v. Eversley*, 343 F. Supp. 2d 234, 248 (S.D.N.Y.2004) (same: awarding reasonable attorneys' fees of $154,900 where plaintiff was awarded $16,000 in damages).

In sum, the purpose of the FLSA attorney fee provision is "to ensure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances." *Fegley,* 19 F.3d at 1134.  Thus, it is improper to place undue emphasis on the amount of the plaintiff's recovery in determining the amount of the fee award because an award of attorney fees "encourage[s] the vindication of congressionally identified policies and rights." *Id.* at 1134-35.

The Court has already granted Plaintiff's request for attorneys' fees of $3,137.50 and costs of $385.00 pursuant to the Court's Order on Plaintiff's Motion for Sanctions, Attorneys' Fees and Costs entered on May 26, 2015 (Doc. 28).  Here, largely as a result of the Defendants' litigation strategy, Plaintiff's remaining attorneys' fees total $32,700.00 and the remaining costs total $1,946.21.  Branham Decl. ¶ 8, Ex. A.  Moreover, Plaintiff has unilaterally deducted 5% or $1,635.00 from her fee request in order to account for any duplicative or inefficient work, thus leaving a total remaining fee request of $31,065.00. *Id.* Under the above-cited case law, such an amount is entirely proper.

1. **PLAINTIFF IS A "PREVAILING PLAINTIFF" UNDER THE LAW.**

Plaintiff's FLSA claim sought the recovery of unpaid overtime wages, liquidated damages, attorneys' fees, and costs.  On May 19, 2015, the Court granted Plaintiff's Motion for Summary Judgment, finding that Defendants violated the FLSA and that Plaintiff is entitled to overtime payments in the total amount of $746.92 and an equal amount in liquidated damages (Doc. 27).

2. **ATTORNEYS' FEES**

The Fifth Circuit employs the lodestar method for determining the reasonableness of attorneys' fees in FLSA actions.  *Heidtman v. County of El Paso*, 171 F.3d 1038, 1043 (5th Cir.

1999).  A lodestar is calculated by multiplying the number of hours reasonably expended by an appropriate hourly rate in the community for such work.  *Id*.  While the court may then increase or decrease the lodestar based on the 12 factors set forth in *Johnson v. Georgia Highway Express, Inc*., 488 F.2d 714 (5th Cir. 1974), the Fifth Circuit has recognized that the lodestar is presumptively reasonable and should be disturbed only in exceptional cases.  *Saizan v. Delta Concrete Products Co*., 448 F.3d 795, 800 (5th Cir. 2006).

The *Johnson* factors are (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  *Johnson*, 488 F.2d at 717-19.

Of the 12 *Johnson* factors, the Fifth Circuit has recognized that courts should give special heed to time and labor involved, the customary fee, the amount involved and the result obtained, and the experience, reputation and ability of counsel. *Saizan*, 448 F.3d at 800 (citing *Migis v. Pearle Vision*, 135 F.3d 1041, 1047 (5th Cir. 1998)).

*Time and Labor Involved*

The Court has had first-hand opportunity to observe the nature and extent of the services provided by Plaintiff's counsel, the actions of the Defendants, and the overwhelming evidence in favor of the Plaintiff and is permitted to rely on its own observations on the litigation.  *Louisiana Power & Light Co. v. Kellstrom,* 50 F.3d 319, 327 (5th Cir. 1995).  Moreover, Plaintiff's counsel has submitted time records that are kept contemporaneously or near the time that the services

were performed.[1]  *See* Branham Decl. ¶ 5, Ex. A; Time Records, Ex. B.

This action required the expenditure of a significant amount of time as a result of Defendants' refusal to comply with the scheduling order, the Federal Rules of Civil Procedure, and the Local Rules of this Court.  *Id*. ¶ 4, Ex. A.  Counsel was required to make repeated attempts to persuade Defendants to respond to Plaintiff's discovery requests and was required to prepare and appear for depositions which the Defendants refused to attend.  Defendants' obfuscation caused Plaintiff's counsel to file and respond to numerous motions.  *Id.*  Counsel was therefore required to spend a substantial amount of time researching, drafting and preparing motions and responsive briefs to address Defendants' actions in this litigation.  Motion practice included the following:

- **Plaintiff's Motion for Sanctions, Attorneys' Fees and Costs** (Doc. 14) (seeking sanctions in the form of attorneys' fees and costs incurred to prepare for and attempt to take the depositions of the Defendants for which the Defendants refused to appear).  The Court granted the motion (Doc. 28).

- **Plaintiff's Unopposed Emergency Motion to Extend the Summary Judgment Deadline** (Doc. 15) (seeking an extension of the summary judgment deadline due to Defendants' failure to comply with discovery obligations).  The Court granted the motion (Doc. 17).

- **Plaintiff's Motion for Summary Judgment** (Doc. 16) (filed by Plaintiff just hours before the Court granted Plaintiff's Unopposed Emergency Motion to Extend the Summary Judgment Deadline so as to comply with the Court's

---

[1] *See Hensley v Eckerhart*, 461 U.S. 424, 437 n.12 (1983) ("Plaintiff's counsel…is not required to record in great detail how each minute of his time was expended.  But at least counsel should identify the general subject matter of his time expenditures.").

Plaintiff's Motion for Attorneys' Fees and Costs – Page 5

original scheduling order).

- **Plaintiff's Amended Motion for Summary Judgment** (Doc. 21) (seeking $746.92 in unpaid overtime wages, $746.92 in liquidated damages, and attorneys' fees and costs). The Court granted this motion (Doc. 27).

- **Defendants Motion to Extend Discovery Deadline** (Doc. 22) (seeking to extend various deadlines which had already expired). The Court denied this motion after it was fully briefed (Doc. 26). Plaintiff filed both a response (Doc. 23) and a surreply (Doc. 25) to this motion.

It also bears emphasizing that Plaintiff made overtures to try to resolve this case early and often, in an effort to avoid unnecessary legal proceedings and related expenses. Unfortunately, Defendants consistently refused to attempt to settle this case despite the relatively low damage amounts. Though that is Defendants' right, they should not now be heard to complain about reasonable and necessary legal expenses incurred by Plaintiff in prosecuting this case.

Plaintiff's counsel's time records for this action are attached as Exhibit B. These records document the time and labor actually expended in this case. Branham Decl. ¶ 5, 8, Ex. A. Plaintiff's counsel exercised reasonable billing judgment. *Id*. The time records also omit hours that may have been unproductive, redundant, or excessive. *Id*. Plaintiff's counsel and paralegals dedicated a total of at least 85.8 hours to this action. *Id*. ¶ 9, Ex. A. Plaintiff respectfully submits that these records, and the Court's experience and expertise, provide a reasonable basis for the Court to ascertain the nature and extent of the services provided.

*Customary Fee and Experience, Reputation and Ability of Counsel*

In addition, Mr. Branham's declaration details the normal and customary rates charged by Plaintiff's attorneys. *See* Branham Decl. ¶ 6, 7, Ex. A. Plaintiff requests a reasonable hourly

rate of $375 per hour for Ms. Chandler's time, $475 per hour for Mr. Branham's time and $125 for the paralegal's time. *Id*. This represents a substantial discount from the rates charged by similarly-experienced lawyers in other kinds of complex litigation. Mr. Branham has been licensed to practice law since 1999. Mr. Branham's employment law practice constitutes approximately 50% of his practice with an emphasis on compensation disputes such as overtime pay. *Id*. ¶ 2, 3, Ex. A. The requested hourly rates are consistent with the rates charged by other lawyers of comparable experience, reputation and ability in the Eastern District of Texas. *Id*. ¶ 7, Ex. A.

Mr. Branham received his undergraduate degree from Florida State University. *See* Branham Decl. ¶ 2, Ex. A. He graduated from the University of South Carolina School of Law. While in law school Mr. Branham was the Associate Articles Editor of the University of South Carolina Law Review. *Id*. Mr. Branham graduated *cum laude* and was also a member of the Order of the Wig and Robe. *Id*. Before entering private practice, Mr. Branham was a law clerk for United States District Judge Joe Kendall. *Id*. ¶ 3.

Dean Omar & Branham, LLP is a litigation boutique that represents employees in employment-related disputes among other things. The hourly rate requested in this petition is consistent with the rates that Dean Omar & Branham, LLP charges many clients who are billed on an hourly basis and, thus, is well within the bounds of what is normal and customary in this District. *Id*. ¶ 6, 7, Ex. 3.

### *Whether the Fee is Fixed or Contingent*

Plaintiffs' counsel undertook this matter on a contingency fee basis, assuming all risk of loss associated therewith. *See* Branham Decl. ¶ 10, Ex. A; s*ee also Jones v. Diamond*, 636 F.2d 1364, 1382 (5th Cir. 1981) (en banc) ("Lawyers who are to be compensated only in the event of

victory expect and are entitled to be paid more when successful from those who are assured compensation, regardless of result.").

### *Desirability of Case, Length of Professional Relationship, Amount Involved, Results Obtained, and Preclusion of Other Employment*

Plaintiff's counsel accepted this case even though some might have considered it "undesirable" because: (1) Plaintiff has relatively small claims relative to those cases frequently litigated in federal court; (2) Plaintiff has modest financial means and could not contribute even out-of-pocket expenses incurred in connection with the action; and (3) there is little or no prospect for any continuing profitable attorney-client relationship between the Plaintiff and her counsel.

Plaintiff's counsel accepted the case because of the important principle of vindicating Plaintiffs' statutory right to overtime pay which attaches regardless of whether a litigant earns a large wage or a small one. *See* Branham Decl. ¶ 11, Ex. A. Moreover, while the amount in controversy may be small relative to other actions before the Court, the importance of the case to the Plaintiff cannot be overstated. *Id*. The outcome achieved, therefore, is significant.

By accepting Plaintiff's case, Plaintiff's counsel was precluded from accepting other employment. *See* Branham Decl. ¶ 12, Ex. A. If Plaintiff's counsel had not expended his time and resources on this case, he would have devoted his time and resources to other cases and compensable work. *Id.* Counsel has forgone the opportunity to perform other work for clients that would likely have paid far more quickly and profitably. *Id*.

### *Novelty and Difficulty of Questions, and Skill Required*

FLSA litigation unquestionably is a highly specialized area of employment litigation. Mr. Branham dedicates almost 50 percent of his practice to it. *See* Branham Decl. at ¶ 3, Ex. A. Both Mr. Branham and Ms. Chandler exercised efficiency and economy in the face of constant

resistance from the Defendants in moving this case to a resolution. Defendants insisted on causing undue delay and expense and persistently refused to try to resolve this case. *Id*. ¶ 4, 5, Ex. A.

In light of the quality and efficiency of the legal services provided, the customary rates for these services, the time expended in performing these services, the contingency fee basis of the representation, the preclusion of other employment due to the case, the success achieved, Plaintiff's counsel's experience, reputation and ability, Plaintiff's counsel's billing judgment, the and the case's relative undesirability, the requested award of $31,065.00 in attorney's fees in addition to the $3,137.50 already awarded as sanctions is reasonable without modification.

### 3.   COSTS

In addition, Plaintiff seeks the award of costs associated with the prosecution of this matter, totaling $1,946.21, in addition to the $385.00 already awarded by the Court (Doc. 28). *See* Branham Decl. ¶ 9, Ex. A. These costs largely are for the filing fee, service of the summons, deposition fees, and transcript fees. This accounting excludes expenses for electronic legal research such as Westlaw and Lexis, PACER, facsimile transmissions, and office supplies because these costs are considered to be part of the law firm's overhead. *Id.*

### C.  CONCLUSION

For the forgoing reasons, Plaintiff respectfully requests the Court order Defendants to pay Plaintiff's counsel fees in the amount of $31,065.00 and costs in the amount of $1,946.21, in addition to the $3,137.50 in attorneys' fees and $385.00 in costs already awarded to Plaintiff (Doc. 28), within 10 days of the Order awarding these fees.

May 26, 2015                                             Respectfully Submitted,


                                                By: */s/ Charles W. Branham, III*
                                                    Charles W. Branham, III
                                                    Texas Bar No. 24012323
                                                    Corinna Chandler
                                                    Texas Bar No. 24061272
                                                    DEAN OMAR & BRANHAM, LLP
                                                    3900 Elm Street
                                                    Dallas, Texas 75226
                                                    214-722-5990
                                                    214-722-5991 (fax)
                                                    tbranham@dobllp.com
                                                    cchandler@dobllp.com

                                                ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

      On May 26, 2015, I electronically submitted the foregoing document with the clerk of the court of the U.S. District Court, Eastern District of Texas, using the CM/ECF system, which will send a notice of electronic filing to all counsel of record. I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

           */s/ Charles W. Branham, III*
           Charles W. Branham, III

## CERTIFICATE OF CONFERENCE

      I have complied with the meet and confer requirement in LOCAL RULE CV-7(h) and this motion is opposed. The personal conference required by this rule was attempted by Corinna Chandler and Charles Branham telephonically and by email correspondence on May 26 and May 27, 2015. Bryan Sample, counsel for the Defendants, was unavailable for the conference because he was attending to a family health emergency, but has informed Plaintiff's counsel that the motion is opposed because Defendants do not agree to the relief requested herein. Discussions have conclusively ended in an impasse, leaving an open issue for the Court to resolve.

           */s/ Charles W. Branham, III*
           Charles W. Branham, III