# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ROSIE GRIMM, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 4:14-cv-329 |
| BRANDY MOORE, SHAWN MOORE | § | |
| and THE O'HARA GROUP, INC., | § | JURY TRIAL REQUESTED |
| d.b.a. PLUSH BEAUTY BAR, | § | |
| | § | |
| *Defendants.* | § | |

## DECLARATION OF CHARLES W. BRANHAM, III

I, Charles W. Branham, III, declare as follows:

1.    I am a member in good standing of the bar of the State of Texas. I am an attorney at the firm of Dean Omar & Branham, LLP, representing Plaintiff in this action.

**My Background And Experience**

2.    I graduated from Florida State University in 1992, where I received a Bachelor of Arts in Political Science. I attended the University of South Carolina School of Law from 1996 to 1999. While in law school, I was the Associate Articles Editor of the South Carolina Law Review. I graduated *Cum Laude* and was a member of the Order of the Wig and Robe.

3.    After graduating from law school, I served as a law clerk for the Honorable Joe Kendall, United States District Court, Northern District of Texas. Following my time with the Court, I practiced with the firm of Akin, Gump, Strauss, Hauer & Feld, LLP until 2002. Since 2002, I have represented almost exclusively plaintiffs seeking redress for catastrophic injuries or

for the failure to be paid in accordance with the federal and state laws. I worked for Waters & Kraus, LLP, and Simon Eddins & Greenstone, two national plaintiffs' firms, before starting my own firm in 2009 (formerly Goldfarb Branham, LLP, then Branham Law, LLP, and now Dean Omar & Branham, LLP). My practice focuses almost 100% on representing individuals and approximately 50% of my time is spent on overtime cases. I have represented numerous workers in overtime cases, both in collective actions and single plaintiff actions. I have been lead trial counsel in more than 40 cases and trial counsel on many more.

4.      Dean Omar & Branham, LLP (formerly Branham Law, LLP) and I, specifically, represent the Plaintiff in the case styled *Rosie Grimm v. Plush Beauty Bar, et al*, Cause No. 4:14-CV-329. Plaintiff was forced to prepare and respond to numerous motions and other court filings related to Defendants' attempts to delay and Defendants' refusal to comply with the Court's scheduling order and the discovery rules applicable to this case. This work is described in part in the accompanying Motion for Attorney's Fees.

5.      In addition, the specific work performed by my firm involved in prosecuting this action is detailed in the time entries I have attached to this declaration. It is my firm's practice to maintain contemporaneous time records setting forth the amount of time spent working on each case with descriptions regarding the actual tasks involved. My usual practice, and the usual practice of the other attorneys in the firms of record, is to record only those hours that the firm would customarily bill to a client paying on an hourly basis. While we exercised billing judgment after recording time in this case (thus, as set forth below, eliminating some of the time that had been originally recorded as an exercise of reasonable billing judgment), I and the other timekeepers also exercised billing judgment before recording time to eliminate time for duplicative tasks or to reduce time for work that may have been inefficient. The work reflected

Declaration of Charles W. Branham, III

in the time records was reasonably required in order to litigate this action to conclusion.

6.      My current hourly rate is $475 per hour for this kind of litigation.  Others within the firm who have spent time litigating this action include: Corinna Chandler (Of Counsel to Branham Law, LLP and later Dean Omar & Branham, LLP) $375 per hour and Natalie Cedillo (Paralegal) $125 per hour.  These rates are the current billing rates for cases of this type.

7.      I have personal knowledge of the hourly rates charged by other attorneys with comparable experience to mine and those who billed time on this case.  Based on that information, I believe that our rates are at or near the market rate for attorneys with comparable expertise, experience, and qualifications and are reasonable and appropriate in this case.

8.      Through May 25, 2015, my firm and spent a total of at least 85.8 hours litigating this matter.  The firm's lodestar (hours multiplied by hourly rates) on the hours expended through May 26, 2015, amounts to $35,837.50.  The Court, on May 26, 2015, granted Plaintiff's Motion for Sanctions, awarding Plaintiff $3,137.50 in attorneys' fees and $385.00 in costs related to Defendants' failure to appear for their depositions (Doc. 28).  Although I monitored the work being done and attempted to ensure that projects and time were not duplicated, I have deducted an additional five percent (5%) from the remaining bill.  This amounts to a total of $1,635.00 and ensures that the time worked was reasonable and necessary.  Thus, the total amount of fees requested in addition to the fees awarded as sanctions is $31,065.00.

9.      My firm involved expended $2,331.21 in out of pocket expenses in this matter, of which the Court has already awarded $385.00 (Doc. 28).  Those expenses are from the filing fee of the lawsuit, the service of the lawsuit, deposition fees, and other necessary case expenditures.  This amount excludes expenses for electronic legal research such as Westlaw and Lexis, PACER, facsimile transmissions, and office supplies because these costs are considered to be

part of the law firm's overhead.

10.    My law firm took this case on a contingency basis, without any assurance that we would be paid any fees or reimbursed any costs for our efforts or expenditures.  At no time did we have any assurance that we would ultimately prevail in this matter or that a mutually agreeable settlement could be reached.

11.    My firm accepted the case because of the important principle of vindicating Plaintiffs' statutory right to overtime pay which attaches regardless of whether or not a litigant earns a large wage or a small one.  While the amount in controversy may be small relative to other actions before the Court, the importance of the case to the Plaintiff cannot be overstated. The amounts recovered will help Plaintiff in her living situation.

12.    By accepting Plaintiff's case, we were precluded from accepting other employment.  If my firm had not expended time and resources on this case, we would have devoted our time and resources to other cases and compensable work.  As a result of this case, we have forgone the opportunity to perform other work for clients that would likely have paid far more quickly and profitably.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed this 26th day of May 2015, in Dallas, Texas.

_____
Charles W. Branham, III