# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| ROSIE GRIMM | § | |
| | § | |
| v. | § | Case No. 4:14cv329 |
| | § | Judge Mazzant |
| BRANDY MOORE, SHAWN MOORE | § | |
| and THE O'HARA GROUP, INC., | § | |
| d.b.a. PLUSH BEAUTY BAR | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion for Attorneys' Fees and Costs (Dkt. #32). After considering the relevant pleadings, the Court finds that the motion should be granted.

Plaintiff asserted claims under the Fair Labor Standards Act ("FLSA") for unpaid overtime compensation from Defendants. The Court granted Plaintiff's motion for summary judgment, finding that Defendants were liable under the FLSA for Plaintiff's compensatory damages, liquidated damages, and reasonable and necessary attorney's fees and costs of court (Dkt. #27). On May 28, 2015, Plaintiff filed a motion for attorneys' fees and costs (Dkt. #32). On June 17, 2015, a final judgment was entered (Dkt. #33). The Court noted that it would take up the issue of attorneys' fees and costs at a later date. No response was filed to motion for attorneys' fees and costs.

\        The FLSA provides that "[t]he court ... shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b); *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 799 n.7 (5th Cir. 2006). The computation of a reasonable attorneys' fee award is a two-step process. *Rutherford v. Harris County, Texas*, 197 F.3d 173, 192 (5th Cir. 1999) (citation omitted). First, the court must utilize the "lodestar" analysis to calculate a "reasonable" amount of attorneys' fees. *Id*. The "lodestar" is equal to the number of hours reasonably expended multiplied by the prevailing hourly

rate in the community for similar work. *Id*. Second, in assessing the "lodestar" amount, the court must consider the twelve *Johnson* factors before final fees can be calculated. *Id*.

The *Johnson* factors are:

(1) time and labor required; (2) novelty and difficulty of issues; (3) skill required; (4) loss of other employment in taking the case; (5) customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by client or circumstances; (8) amount involved and results obtained; (9) counsel's experience, reputation, and ability; (10) case undesirability; (11) nature and length of relationship with the client; and (12) awards in similar cases.

*Id*. at 192 n.23 (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)).

After considering the twelve *Johnson* factors, the court may adjust the "lodestar" upward or downward. *Shipes v. Trinity Indus.*, 987 F.2d 311, 320 (5th Cir. 1993). "If the plaintiff obtained limited success, the hours reasonably spent on the case times the reasonable hourly rate may be excessive." *Virginia McC v. Corrigan-Camden Indep. Sch. Dist.*, 909 F. Supp. 1023, 1032 (E.D. Tex. 1995). "[T]he most critical factor" in determining the reasonableness of an attorney's fee award "is the degree of success obtained." *Giles v. Gen. Elec. Co.*, 245 F.3d 474, 491 n.31 (5th Cir. 2001) (quoting *Farrar v. Hobby*, 506 U.S. 103 (1992)); *see also Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998). "'The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success.'" *Virginia McC*, 909 F. Supp. at 1032 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 436 1983)).

The fee applicant bears the burden of proof on this issue. *See Riley v. City of Jackson, Miss.*, 99 F.3d 757, 760 (5th Cir. 1996); *Louisiana Power & Light Co. v. KellStrom*, 50 F.3d 319, 324 (5th Cir. 1995). "Many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate and should not be double-counted." *Jason D.W. v.*

*Houston Indep. Sch. Dist.*, 158 F.3d 205, 209 (5th Cir. 1998) (internal citations omitted).

The United States Supreme Court subsequently barred any use of the sixth factor as a basis for enhancement of attorneys' fees. *See Walker v. United States Dep't of Hous. & Urban Dev.*, 99 F.3d 761, 772 (5th Cir. 1996) (citing *City of Burlington v. Dague*, 505 U.S. 557, 567 (1992)). In addition, three of the *Johnson* factors – complexity of the issues, results obtained, and preclusion of other employment – are fully reflected and subsumed in the lodestar amount. *Heidtman v. County of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999). "[T]he court should give special heed to the time and labor involved, the customary fee, the amount involved and the result obtained, and the experience, reputation and ability of counsel." *Migis*, 135 F.3d at 1047 (citation omitted).

The lodestar is presumptively reasonable and should be modified only in exceptional cases. *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). The fee-seeker must submit adequate documentation of the hours reasonably expended and of the attorney's qualifications and skill, while the party seeking reduction of the lodestar must show that a reduction is warranted. *Hensley*, 461 U.S. at 433; *Louisiana Power & Light Co.*, 50 F.3d at 329.

### A.  LODESTAR

#### 1.  *Hours Expended*

Plaintiffs seek attorneys' fees for **85.8** hours expended.

#### 2.  *Prevailing Hourly Rate*

Based on a declaration submitted to the Court, the attorneys seek to be compensated at the following hourly rate: $475 per hour for Charles Branham; $375 per hour for Corinna Chandler; and $125 per hour for Natalie Cedillo. Based on their respective levels of experience, the Court finds that the hourly rates submitted in this case are reasonable.

The total lodestar amount requested by Plaintiff is $35,837.50. Plaintiff asks for a reduction of $3,137.50 for a prior award of attorneys' fees and a deduction of $1,635 to prevent for duplication. Thus, Plaintiff seeks an award of attorneys' fees of $31,065.

**B.  THE *JOHNSON* FACTORS**

In analyzing the *Johnson* factors, the Court finds that the requested fee is reasonable.

   *1.  Time and Labor*

The time and labor required for this lawsuit was not excessive.

   *2.  Novelty and Difficulty of Issues*

This case involved claims under the FLSA which required an attorney with specialized knowledge of this kind of case. There were no novel issues in this case. The question in this case was whether Plaintiff was entitled to overtime pay.

   *3.  Skill Required*

The Court finds that counsel were skilled and otherwise qualified to pursue this FLSA case.

   *4.  Preclusion of Other Employment*

Plaintiff's counsels argue that Plaintiff's counsels devoted a substantial amount of their time to this case and that the number of hours required to properly and diligently represent the interests of Plaintiff precluded other employment by counsels. However, "[t]his was not a complex case and should not have caused counsel to limit the number of cases counsel could handle at any given time." *Lewis v. Hurst Orthodontics, PA*, 292 F. Supp. 2d 908, 911 (W.D. Tex 2003). "The case did not involve a demanding area of the law and if counsel chose to spend a considerable amount of time on this case to the exclusion of others, it was a choice, not necessitated by the nature of the case." *Id*.

4

### 5. *Customary Fee*

This factor is part of the "lodestar" analysis and need not be considered again.

### 6. *Whether the Fee is Fixed or Contingent*

Plaintiff's counsels acknowledge that they entered into a contingency fee agreement. However, Plaintiff did not provide the Court with a copy of the agreement. The Court notes that under a typical contingency fee arrangement, counsel for the Plaintiff would receive far less than the fee requested.

### 7. *Time Limitations Imposed by the Client or Circumstances*

This factor is not applicable to the instant action.

### 8. *Amount Involved and Results Obtained*

Plaintiff won this case and was awarded the full amount requested.

### 9. *Experience, Reputation and Ability of the Attorneys*

The Court has already considered this factor in determining the "lodestar."

### 10. *Undesirability of the Case*

The Court has already considered this factor in determining the "lodestar."

### 11. *Nature and Length of the Professional Relationship with the Client*

This factor is not applicable to the instant action.

### 12. *Awards in Similar Cases*

The parties cannot point to cases that have facts identical to the facts of this case.

## **COSTS**

Plaintiff is also seeking an award of costs in the amount of $1,946.21, which is not opposed by Defendants. The Court recommends that costs in the amount of $1,946.21 be approved.

It is therefore **ORDERED** that Plaintiff's Motion for Attorneys' Fees and Costs (Dkt. #32) is hereby **GRANTED**. Plaintiff is awarded attorneys' fees in the amount of $31,065. Plaintiff is also awarded costs in the amount of $1946.21.

**SIGNED this 11th day of August, 2015.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE